UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE:<br><br>Kelley Marie Coburn,<br><br>Debtor | Chapter 7<br><br>Bankruptcy No. 25-01318 |

# OPINION AND ORDER ON MOTION FOR CONTEMPT AND IMPOSITION OF SANCTIONS

This matter came before the Court for an evidentiary hearing on Debtor Kelley Coburn's Motion for Contempt and Imposition of Sanctions Against Creditor City of Burt (Doc. 39) and Amended Motion for Contempt and Imposition of Sanctions Against Creditor City of Burt (Doc. 50). Debtor appeared pro se. Attorneys Allison M. Steuterman and Jacob A. Hatanpa appeared for City of Burt, Iowa. The Court heard argument and took the matter under advisement. This is a core proceeding under 28 U.S.C. § 157(b)(2).

## I. BACKGROUND

Debtor filed a Motion for Contempt and Imposition of Sanctions and an Amended Motion for Contempt and Imposition of Sanctions. Debtor alleges that the City of Burt violated the automatic stay by continuing to bill her for pre-petition debt, assessing penalties on the pre-petition amounts, and applying post-petition

payments to those amounts despite having notice of Debtor's bankruptcy filing. Debtor seeks actual and punitive damages under 11 U.S.C. § 362(k). The City denies that it engaged in prohibited collection activity. It argues that it did nothing wrong, but admits to sending monthly invoices which included the pre-petition past due amounts generated by the software it used.

After reviewing the record and considering the parties' arguments, the Court concludes that the City engaged in prohibited collection activity on pre-petition debt in violation of the automatic stay.

## II. FINDINGS OF FACT

Debtor filed her chapter 7 petition on November 24, 2025. Before filing, Debtor owed the City for utility services. The utility statement for October 27 through November 24, 2025, reflected arrears of $2,184.67 and a penalty of $32.29. This statement was generated before the bankruptcy petition was filed. After the petition date, the City sought adequate assurance of payment under 11 U.S.C. § 366. The Court granted the City's Request for Assurance of Payment and ordered Debtor to provide a $200.00 deposit as adequate assurance of future payment.

The City continued to issue monthly utility bills after the petition date. The bill for November 24 through December 29, 2025, identified a previous balance of $2,374.50, listed arrears of the same amount, and assessed an additional penalty of $35.09. Payment was due by January 20, 2026. On December 20, 2025, Debtor made

a payment of $55.00, intended to satisfy post-petition utility charges. The City applied the payment to the account balance which included the pre-petition debt.

The next utility bill, covering December 29, 2025 through January 27, 2026, identified arrears of $2,677.15 and carried that amount forward as the previous balance. No additional penalty was assessed. Debtor made a payment of $250.00 on January 20, 2026. Debtor testified that the payment exceeded the amount due for post-petition utility service and should not have been applied toward pre-petition debt.

## III. Discussion

The filing of a bankruptcy petition immediately triggers the automatic stay of section 362. 11 U.S.C. § 362. The stay prohibits actions "to collect, assess, or recover a claim against the debtor that arose before the commencement of the case." Id. § 362(a)(6). The stay is broadly applied and "[c]ourts must display a 'certain rigor in reacting to violations of the automatic stay' in order to maintain its effectiveness." In re Anderson, 430 B.R. 882, 887 (Bankr. S.D. Iowa 2010). Upon receiving notice of a bankruptcy filing, creditors have an affirmative duty to cease collection efforts. In re Valentine, No. 19-40593-705, 2020 Bankr. LEXIS 147, at *22 (Bankr. E.D. Mo. Jan. 17, 2020). Courts distinguish between communications that merely provide account information and communications that seek to collect a debt. See In re Joens, No. 03-02077, 2003 Bankr. LEXIS 1567, at *6 (Bankr. N.D. Iowa Nov. 21, 2003). A

creditor may communicate historical account information regarding the balance of their pre-petition debt without violating the stay. Id. However, once a creditor attempts to collect a pre-petition debt, increases the amount owed on that debt, or otherwise communicates that the debt is presently due notwithstanding the bankruptcy filing, the communication violates the automatic stay. Id.

Section 362(k) provides that "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(k). A stay violation is "willful" when the creditor acts deliberately and with knowledge of the bankruptcy case, regardless of whether the creditor specifically intended to violate the stay. In re Cullen, 329 B.R. 52, 57 (Bankr. N.D. Iowa 2005).

Debtor asserts that the City willfully violated the stay by continuing to bill her for past due amounts, assessing penalties on those amounts, and presenting the resulting balance as presently due. The City also applied Debtor's post-petition payments to the pre-petition amounts owed. The City asserts that it has not taken any action to collect the past-due amounts since the petition date. It argues it "has done nothing other than send monthly invoices that provide the monthly utility amounts and, due to the software/form utilized in the normal course of business for the City's utility invoices, past due amounts." (Doc. 47 at 16). The City argues that no law

requires it to manually manipulate the utility invoicing system or create a new account for the Debtor to exclude pre-petition amounts. Counsel for the City also asserted that she had communicated to the Debtor, on at least two occasions, that the City was not attempting to collect the past-due amounts.

Based on the evidence, the City engaged in willful violations of the automatic stay. The utility bill sent to the Debtor included pre-petition amounts owed, assessed penalties on those amounts, and included those amounts in the "net due" balance. The bills included a due date and stated that the amounts would be "[s]ubject to .015% penalty if not paid by due date." The fact that these statements are automatically generated by the software utilized by the City is irrelevant. "Reliance upon a computer system and its data does not justify, nor excuse, actions taken in violation of the stay." In re Anderson, 430 B.R. 882, 888 (Bankr. S.D. Iowa 2010). The City had an affirmative duty to cease any efforts to collect the pre-petition balance once the Debtor filed her petition. If the only way to accomplish this was by manually manipulating the invoices or creating a new account, the City was required to do so.

Having found a willful stay violation, the Court must determine the appropriate remedy under section 362(k). Under section 362(k), an individual injured by a willful violation of the automatic stay may recover actual damages and, in appropriate circumstances, punitive damages. 11 U.S.C. § 362(k)(1). However, a

debtor must establish not only a violation and willfulness, but also actual damages resulting from the violation. Garden v. Cent. Neb. Hous. Corp., 719 F.3d 899, 906 (8th Cir. 2013). Damages associated with emotional distress "require proof of evidence of the nature and extent of emotional harm caused by the alleged violation." Browning v. President Riverboat Casino-Missouri, 139 F.3d 631, 636 (8th Cir. 1998). Punitive damages are typically reserved for egregious or intentional misconduct under section 362(k). Id.

The Court finds that the City's violation warrants an award of actual damages. The City continued to assess and bill for pre-petition debt after receiving notice of the bankruptcy filing, in violation of the automatic stay. Nevertheless, the evidence establishes only limited harm resulting from that conduct. The City continued providing utility service, sought court approval regarding adequate assurance, and the challenged conduct was confined to initial post-petition billing cycles. This is a limited billing error rather than persistent or egregious collection activity.

Debtor experienced some stress and frustration arising from her interactions with the City. The record, however, contains no evidence of significant emotional harm caused by the stay violations. Debtor provided no evidence of medical or psychological treatment. Debtor's conflict with the City predating the bankruptcy filing cannot form the basis for damages under section 362(k). The Court finds that

Debtor did endure some limited period of frustration and stress caused by the stay violations. The Court further finds that $1,500.00 is appropriate compensation.

Punitive damages are not warranted. While the City's conduct violated the automatic stay, there is no evidence of egregious, malicious, or particularly coercive conduct to justify punitive sanctions.

**IT IS ORDERED:**

1. Debtor Kelley Coburn's Motion for Contempt and Imposition of Sanctions (Doc. 39) and Amended Motion for Contempt and Imposition of Sanctions (Doc. 50) are **GRANTED IN PART** and **DENIED IN PART**.
2. The Court finds that the City of Burt willfully violated the automatic stay under 11 U.S.C. § 362(a)(6).
3. The City of Burt shall pay Kelley Coburn actual damages in the amount of $1,500.00.
4. The request for punitive damages is **DENIED**.

Ordered:
August 20, 2026

Thad J. Collins
Chief Bankruptcy Judge